# MELAVE v STATE OF FLORIDA
## Case No. CJAP 89-86
Ninth Judicial Circuit, Orange County
April 23, 1990

## APPEARANCES OF COUNSEL

**William C. Hancock, II, Esquire,** Assistant Public Defender and **Steven G. Mason,** Certified Legal Intern, for appellant.

**Paula C. Coffman, Esquire,** Assistant State Attorney, for appellee.

## OPINION OF THE COURT

RICHARD F. CONRAD, Circuit Judge.

Oral argument is dispensed with on the Court's own motion pursuant to Fla. App. R. 9.320.

Appellant challenges his convictions for Battery and Criminal Mischief, asserting that the trial court erred in not permitting the Appellant to sit in a position where he could observe the jury venire, the witnesses testifying during the course of the trial and the jury panel during the course of the trial proceedings. He also challenges the trial court in requiring him to appear in prison blues and ankle restraints during the trial. Lastly, the Appellant challenges the trial court in failing to require the State of Florida to show valid nondiscriminatory reasons for preemptorily striking two women from the jury panel. I affirm.

Franciso Melave argues that the trial court committed reversible error in not permitting him to be seated in a position where he could observe the jury venire, the witnesses testifying during the course of the trial and the jury panel during the course of the trial. He also argues that it was reversible error for him to appear in trial before the jury in prison blues and ankle restraints.

I have reviewed the record in its entirety and am convinced that there is no reasonable possibility that the error, if any, contributed to Melave's conviction. See *State v DiGuilio*, 491 So.2d 1129, 1135 (Fla. 1986). Thus, the State has met is burden in proving harmless error.

One issued raised by the Appellant, however, merits discussion. Melave complaints that the trial court erred in failing to require the State to articulate valid nondiscriminatory reasons for preemptorily striking two women from the jury panel. He relies primarily upon the Florida Supreme Court case of *Neil v State*, 457 So.2d 481 (Fla. 1984) and United States Supreme Court holding in *Taylor v Louisiana*, 419 U.S. 522, S. Ct. 692, 42 L.Ed. 2d 690 (1975). Several courts have limited the "cross-section analysis" under the Sixth Amendment to the selection of the jury venire and have declined to extend it to the trial jury itself. *Willis v Zant*, 720 F. 2d 1212 (11th Cir. 1983) cert. denied, 467 U.S. 1256 (1984); *United States v Childress*, 715 F.2d 1313 (8th Cir. 1983), cert. denied, 464 U.S. 1063 (1984). Likewise, this Court will not extend the holding in *Taylor*, supra, to the trial jury.

In *Neil*, supra, the Florida Supreme Court held that the Florida Constitution prohibits the exercise of preemptory challenges in criminal cases solely on account of race. It is clear that the Florida Supreme Court in *State v Neil*, supra, clarified sub nom *State v Castillo*, 460 So.2d 565 (Fla. 1986) and *State v Slappy*, 522 So.2d 18 (Fla. S. Ct., cert. denied, 108 S.Ct. 2873 (1988)), limited the impact of *Neil* to

preemptory challenges of distinctive racial groups solely on the basis of race, reserving for another day the question of whether *Neil* is implicated where group bias is based upon religious, ethnic, sexual or other grounds.

Even if this Court were to accept Appellant's proposition that *Neil* applied to sexual bias, I am of the opinion that the Appellant has failed to satisfy the essential criteria set forth in *Neil,* that is: failed to satisfy the initial burden of demonstrating on the record a strong likelihood that the State of Florida struck the subject jurors solely because of their gender.

By virtue of the FLorida Supreme Court having limited the impact of *Neil* solely to preemptory challenges of distinctive racial groups solely on the basis of race, this Court will strictly adhere to the doctrine of stare decisis. However, a caveat is in order. This Court will not tolerate any type of discrimination, be it religious, ethnic, sexual or any other type of bias. As the Supreme Court in *Neil* stated:

"Article I, Section 16 of the Florida Constitution guarantees the right to an impartial jury. The right to preemptory challenges is not of constitutional dimension. The primary purpose of preemptory challenges is to aid and assist in the selection of an impartial jury. It was not intended that such challenges be used solely as a scalpel to excise a distinctive racial group from a representative cross section of society. It was not intended that such challenges be used to encroach upon the constitutional guarantee of an impartial jury."

The decision of the trial court is affirmed.

No petition for rehearing will be entertained. The Clerk is directed to issue MANDATE forthwith.